UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THE CINCINNATI CASUALTY COMPANY, *as subrogee of* 28th Street Superior Hospitality, Inc., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   CASE NO: 1:17-cv-00295-WCL-SLC<br>) |
| J AND S CONSTRUCTION, *et al.*, | )<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is a complaint filed by Plaintiff The Cincinnati Casualty Company, *as subrogee of* 28th Street Superior Hospitality, Inc., alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (DE 1).  As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met.  *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

First, Plaintiff alleges the citizenship of each Defendant "[u]pon information and belief . . . ."  (DE 1 ¶¶ 3-9).  This is a problem because "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge."  *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

Additionally, Plaintiff's complaint alleges that the individual Defendants "reside" in the

state of Mississippi. (DE 1 ¶¶ 4-9). Residency is meaningless for purposes of diversity jurisdiction, however; an individual's citizenship is determined by his or her domicile. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Finally, Plaintiff's complaint alleges that Defendant J and S Construction and Defendant J and S Construction and Plumbing "are fictitious corporations organized and existing under the laws of the State of Mississippi with their principal places of business located at either 2191 Greenleaf Road, Coldwater Misssissippi 38618 or 1585 Ticonderoga Drive, Southaven, Mississippi 38671." (DE 1 ¶ 3). "[I]n the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Therefore, "citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id*. (citations omitted). Accordingly, the Court must be informed of the identity and citizenship of all of the owners of J and S Construction, and the identity and citizenship of all the owners of J and S Construction and Plumbing, tracing such citizenship through all applicable layers of ownership to ensure that none of the members or partners share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).

Accordingly, Plaintiff is granted to and including July 28, 2017, to file an amended

complaint that properly alleges federal subject matter jurisdiction on the basis of diversity of citizenship.

SO ORDERED.

Entered this 14th day of July 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge